UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | )    15-CV-0032 (GLS) (CFH) |
| JEFF WISE, in his official capacity as | ) |
| Executive Director of the New York State | ) |
| Justice Center for the Protection of People | ) |
| with Special Needs; and ROBIN A. | ) |
| FORSHAW, in her official capacity as | ) |
| General Counsel of the New York State | ) |
| Justice Center for the Protection of People | ) |
| with Special Needs, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW REGARDING NEW DD ACT REGULATIONS**

DISABILITY RIGHTS NEW YORK
Cliff Zucker
Michael Gadomski
Andrew Stecker
725 Broadway, Suite 450
Albany, New York, 12207
518-432-7861
518-427-6561 (fax) (not for service)
Cliff.Zucker@DisabilityRightsNY.org

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................1

   A. The New Regulations Clarify Plaintiff's Broad Access to Records ....................................1

   B. The New Regulations Strengthen Plaintiff's Duty of Confidentiality................................2

   C. New Regulatory Provisions Incorporate the Statutory Deadlines for Producing Records to the P&A ........................................................................................................................3

III. CONCLUSION....................................................................................................4

Plaintiff Disability Rights New York ("DRNY") respectfully submits this memorandum of law to address the new federal regulations implementing the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act of 2000"), 42 U.S.C. § 15001 – et seq.

I. **Introduction**

DRNY is the designated Protection and Advocacy ("P&A") agency in the State of New York. Within DRNY is a P&A program called the Protection and Advocacy for Individuals with Developmental Disabilities ("PADD"). PADD is the P&A program authorized under the DD Act of 2000 to provide legal remedies to protect the rights of individuals with developmental disabilities, investigate complaints of abuse and neglect of individuals with developmental disabilities, and provide information and referral to programs. 42 U.S.C. §§ 15043(a)(2)(A)–(B).

On July 27, 2015, the Administration on Intellectual and Developmental Disabilities ("AIDD") published new rules to align the federal regulations with the DD Act of 2000. 80 Fed. Reg. 44796–44827. The new rules became effective August 26, 2015, and contain substantive changes to P&A access authority under 45 C.F.R. part 1386. Plaintiff cited to the aforementioned provisions in the Complaint and its Memorandum of Law in Opposition to Defendant's Motion to Dismiss. Similarly, Defendant refers to 45 C.F.R. part 1386 in their motion papers. Plaintiff submits this supplemental memorandum to provide an analysis of the new rules as they relate to this litigation.

II. **ARGUMENT**

 a. **The New Regulations Clarify Plaintiff's Broad Access to Records**

The new provision governing P&A records access provides more detail as to what kind of records the P&A may access and what kind of public investigative agencies are required to disclose their reports to the P&A. The old provision was numbered as 45 C.F.R. § 1386.22 and

the new provision is listed as 45 C.F.R. § 1386.25.  As for individuals records, the new regulations permit the P&A to access "records stored or maintained at sites other than that of the service provider, as wells as records that were not prepared by the service provider, but received by the service provider from other service providers."  45 C.F.R. § 1386.25(b)(1).  The next subsection adds a non-exhaustive list of organizations that are required to disclose their investigative reports to the P&A.  45 C.F.R. § 1386.25(b)(2).  This list includes any "state or local governmental agency…charged with investigating incidents of abuse or neglect, injury or death," as well as "criminal and civil law enforcement agencies."  Id.  The Justice Center is such an agency.

The new language in 45 C.F.R. § 1386.25(b) reinforces Plaintiff's broad authority to access records to carry out its protection and advocacy responsibilities.  Plaintiff's duty to monitor and investigate the state's care and regulation of persons with disabilities receiving services requires access to records which allows Plaintiff to determine whether an investigation is sufficiently thorough.  The Justice Center clearly is both a state investigative agency and law enforcement agency that is required to disclose their records to Plaintiff.  45 C.F.R. 1386.25(b)(2).  By clarifying what constitutes a record and who is required to disclose those records, the new regulations implementing the DD Act provisions enable Plaintiff to access "all records" of an individual with a developmental disability that are relevant to its work as the P&A system.  42 U.S.C. §§ 15043(a)(2)(I)&(J).

### b. The New Regulations Strengthen Plaintiff's Duty of Confidentiality

Plaintiff's duty to keep information maintained by the P&A system confidential is strengthened by the new DD regulations.  The new provision regarding confidentiality is 45 C.F.R. §§ 1386.28(a)&(b), and replaces the former 45 C.F.R. §§ 1386.21(i) & 1386.22(e).  The

new regulation requires a P&A to "comply with the confidentiality provisions of all applicable Federal and State laws" as did the prior regulation. 45 C.F.R. § 1386.28(a). The new regulation lists the type of information a P&A is required to keep confidential, including all records and information relating to clients of the P&A system, individuals receiving information and technical assistance, the identity of individuals reporting incidents of abuse or neglect, individuals providing information to the P&A for the record, and peer review records. 45 C.F.R. § 1386.28(b)(1)(i)–(v).

These substantive changes regarding P&A duty of confidentiality are relevant to this case because Defendant states the redaction of information from Justice Center investigative records is reasonable in light of the "confidential and sensitive nature of the information at issue." Mot. To Dismiss, p. 2-3. The confidentiality requirements in the regulations show that Plaintiff must and will keep these records confidential as required by State and Federal law. Notably, both the new regulations and the prior regulations do not mention redaction or permit redaction of records. 45 C.F.R. § 1386.28. Defendants cannot rely on their confidentiality concerns as a bar to disclosing unredacted investigative records to Plaintiff because Federal law and regulations adequately protect the confidentiality of these records.

### c. New Regulatory Provisions Incorporate the Statutory Deadlines for Producing Records to the P&A

The DD Act specifies deadlines for when a service provider or other entity must provide records to a P&A after making a written request. 42 U.S.C. § 15043(a)(2)(J). When an individual with a developmental disability has died or if a P&A makes a determination there is probable cause to believe the health or safety of an individual is in jeopardy, then the P&A shall have immediate access to the records of the individual, no later than 24 hours after making the

request.  Id. at § 15043(a)(2)(J)(ii)(I)–(II).  Otherwise, the P&A is entitled to access the records within three business days after making the written request.   Id at § 15043(a)(2)(J)(i).

The new regulations incorporate these statutory deadlines.  Under 45 C.F.R. § 1386.25(c), a P&A shall be given access to records within twenty-four hours after the request is received where an individual with a developmental disability has died or the health or safety of an individual is in jeopardy and  access within three business days for "all other cases." 45 C.F.R. §§ 1386.25(c)(1)–(2).  Whenever there is a delay or refusal, the new regulations require a written explanation within one business day following the expiration of the deadline.  45 C.F.R. § 1386.26 (formerly codified as 45 C.F.R. § 1386.22(i)).

The short deadlines demonstrate that accessing records in a timely manner is crucial for a P&A to effectively conduct its federally mandated duties.

### III. Conclusion

For the reasons stated above, Plaintiff is entitled to the unredacted records requested.

Dated September 8, 2015.

Respectfully submitted,


**/s/ Michael Gadomski**
By: Michael Gadomski

DISABILITY RIGHTS NEW YORK
Cliff Zucker, Bar Roll # 102871
Michael Gadomski, Bar Roll #519210
Andrew Stecker, Bar Roll # 518899
725 Broadway, Suite 450
Albany, New York, 12207
518-432-7861
518-427-6561 (fax) (not for service)
Cliff.Zucker@DisabilityRightsNY.org