UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) |
| | )    15-CV-0032 (GLS) (CFH) |
| ROBIN A. FORSHAW, in her official | ) |
| capacity as General Counsel of the New | ) |
| York State Justice Center for the Protection | ) |
| of People with Special Needs, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

DISABILITY RIGHTS NEW YORK
Cliff Zucker, Bar Roll # 102871
Michael Gadomski
Jennifer Monthie
Andrew Stecker
725 Broadway, Suite 450
Albany, New York, 12207
518-432-7861
518-427-6561 (fax) (not for service)
Cliff.Zucker@drny.org

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. FACTS ..................................................................................................................................2

    A. The Federal Protection and Advocacy System .......................................................2

    B. Defendant's Failure to Provide Records .................................................................5

    C. Procedural History ..................................................................................................6

III. LEGAL STANDARDS ........................................................................................................6

    A. Summary Judgment ................................................................................................6

    B. Law of the Case ......................................................................................................7

IV. ARGUMENT .......................................................................................................................8

    A. DRNY is Entitled to Summary Judgment on its Claims Under the P&A Acts .......8

        1. *The Justice Center violates the P&A Acts by redacting identifying information from records it provides to DRNY* ............................................8

        2. *The Justice Center violates the P&A Acts by withholding Facility Records reviewed in its investigations* ......................................................9

        3. *The Justice Center refuses to comply with the timelines set forth in the P&A Acts* ...............................................................................................11

    B. DRNY is Entitled to Summary Judgment on its Claims Under 42 U.S.C. § 1983 ..12

    C. DRNY is Entitled to Declaratory Relief ...............................................................13

    D. DRNY is Entitled to a Permanent Injunction .......................................................14

V. CONCLUSION ..................................................................................................................15

Plaintiff Disability Rights New York (DRNY) respectfully submits this Memorandum of Law in support of its Motion for Summary Judgment.

## I.     Introduction

DRNY, the designated Protection and Advocacy (P&A) agency for the State of New York, commenced this action to enforce its federal law rights to access records pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (DD Act), 42 U.S.C. §§ 15001-15115, and the Protection and Advocacy for Individuals with Mental Illness Act of 1986 (PAIMI Act), 42 U.S.C. §§ 10801-10827 (referred to jointly as the "P&A Acts").

As the designated P&A system, DRNY is authorized to investigate allegations of abuse or neglect of individuals with disabilities and has broad authority under federal law to access records in order to carry out such investigations.  42 U.S.C. §§ 10805(a) and 15043(a).  This authority includes the right to access records of facilities providing care, treatment, and other services for individuals with disabilities, and records of agencies charged with investigating allegations of abuse, neglect, or injury occurring at such facilities.  42 U.S.C. §§ 10806(b)(3)(A) and 15043(c)(1)-(2); 42 C.F.R. § 51.41(c)(1)-(2); 45 C.F.R. § 1326.25(b)(1)-(2).

Pursuant to this authority, DRNY has made several requests for records from the New York State Justice Center for the Protection of People with Special Needs (Justice Center), a New York State agency charged with investigating reported incidents of abuse, neglect, or injury of persons with disabilities.  Statement of Material Facts (SMF) ¶¶ 13-50.  Defendant Robin Forshaw, as an officer of the Justice Center, has repeatedly refused to provide complete and timely responses to DRNY's records requests. *Id.*

DRNY commenced this action to compel the Justice Center to produce records as required by federal law.  Defendant moved to dismiss the Complaint for failure to state a claim

1

on which relief may be granted, arguing that the Justice Center's actions were consistent with federal law.  Mot. to Dismiss (MTD); Dkt. No. 10-1 at 13-22.  In a decision dated March 18, 2016, the Court rejected Defendant's legal arguments and denied the Motion to Dismiss.  MTD Order, Dkt. No. 24.  Because the material facts underlying DRNY's claims are undisputed, summary judgment can appropriately be granted in DRNY's favor.

**II.   Facts**

   *A.   The Federal Protection and Advocacy System*

In order to ensure that the rights of individuals with mental illness or intellectual and developmental disabilities are protected, the P&A Acts condition certain federal funding for states on the establishment of P&A systems.  MTD Order at 3.  At all times relevant to this action, DRNY has been the statewide P&A system as designated by the Governor of the State of New York.  SMF ¶ 4.

The P&A Acts charge DRNY, as New York's designated P&A system, with the duty to "investigate incidents of abuse and neglect" of individuals with mental illness or intellectual and developmental disabilities if an incident is reported to DRNY or if DRNY has probable cause to believe that such an incident occurred.  42 U.S.C. §§ 10805(a)(1)(A) and 15043(a)(2)(B).  The Acts also authorize a P&A system to "pursue administrative, legal, and other appropriate remedies" to ensure the protection of the rights of such individuals with disabilities in New York State.  42 U.S.C. §§ 10805(a)(1)(B) and 15043(a)(2)(A)(i).  To allow a P&A system to pursue these objectives, the Acts authorize a P&A system to have access to records of persons with disabilities under certain circumstances, including:

1. all records of any individual with a developmental disability or mental illness where the P&A system has probable cause to believe the health or safety of the individual is

2

in serious and immediate jeopardy; or in any case of death of an individual with a developmental disability or mental illness; 42 U.S.C. §§ 15043(a)(2)(J)(ii) and 10805(a)(4)(B);

2. all records of an individual with a developmental disability or mental illness who has authorized the P&A system to access the individual's records; 42 U.S.C. §§ 15043(a)(2)(I)(i) and 10805(a)(4)(A);

3. all records of an individual with a developmental disability or mental illness who has a legal guardian who has authorized the P&A system to access the individual's records; 42 U.S.C. §§ 15043(a)(2)(I)(i) and 10805(a)(4)(A);

4. all records of any individual with a developmental disability or mental illness if: (1) the individual cannot authorize access due to his or her mental or physical state; (2) the individual does not have a legal guardian or legal representative; and (3) the P&A system has received a complaint about the individual's treatment or has determined there is probable cause to believe the individual has been subjected to abuse or neglect; 42 U.S.C. §§ 15043(a)(2)(I)(ii) and 10805(a)(4)(B); and

5. all records of any individual with a legal guardian who will not authorize access if: (1) the P&A system has received a complaint about the individual's treatment or has determined there is probable cause of abuse or neglect; (2) the P&A system has contacted the legal guardian and (3) offered assistance to resolve the situation; and (4) the guardian has failed or refused to act on behalf of the individual. 42 U.S.C.§§ 15043(a)(2)(I)(iii) and 10805(a)(4)(C).

The P&A Acts specifically state that the records to which a P&A system must have access include reports prepared by any staff of a facility providing care, treatment, or other

3

assistance to individuals with disabilities ("Facility Records"), [1] 42 U.S.C. §§ 10806(b)(3)(A) and 15043(c)(1), and also include reports of an agency charged with investigating incidents of abuse, neglect, or injury of an individual at such a facility that describe the incident and the steps taken to investigate it ("Investigative Records"), 42 U.S.C. §§ 10806(b)(3) and 15043(c)(2).

The U.S. Department of Health and Human Services (HHS) has promulgated regulations governing activities carried out by P&A systems, including P&A systems' access to records.  42 C.F.R. § 51.41 ("PAIMI Access Regulation"); 45 C.F.R. § 1326.25 ("DD Access Regulation") (referred to jointly as the "P&A Access Regulations").[2]  The Access Regulations make clear that a P&A system's access authority extends to records describing the steps taken to investigate incidents of abuse, neglect, or injury; supporting information that was relied upon in creating a report, including all information and records used and reviewed in preparing reports; records that describe persons who were interviewed; physical and documentary evidence that was reviewed; and related investigative findings.  42 C.F.R. § 51.41(c)(2); 45 C.F.R. § 1326.25(b)(2).

Records requested by a P&A system must be provided promptly, 42 U.S.C. § 15043(a)(2)(J)(i)-(ii); 42 C.F.R. § 51.41(a), and a written explanation must be provided for any delay, 42 C.F.R. § 51.43; 45 C.F.R. § 1326.25(c).

---

[1] The PAIMI Act uses the term "facility," 42 U.S.C. § 10806(b)(3)(A), while the DD Act uses the term "location," 42 U.S.C. § 15043(c)(1).  The regulations implementing the DD Act, published July 27, 2015, use the broad term "service provider."  45 C.F.R. § 1386.25(b); 80 Fed. Reg. 44811.  For the sake of consistency, Plaintiff uses the phrase Facility Records to describe the category of records prepared or received by facilities, locations, and service providers serving individuals with disabilities.

[2] On July 27, 2015, HHS published new rules to align the DD Access Regulation with the DD Act of 2000.  80 Fed. Reg. 44796-44827; *see also* Dkt. No. 22.  The DD Access Regulation, previously found in 45 C.F.R. § 1386.22, was renumbered as § 1386.25.  *See* Dkt. No. 22.  On June 3, 2016, HHS published technical amendments to the DD Access Regulation, redesignating 45 C.F.R. § 1386.25 as § 1326.25.  81 Fed. Reg. 35644-35648.

4

### B. Defendant's Failure to Provide Records

Pursuant to its authority as New York's P&A system, DRNY has sent several requests to the Justice Center seeking records related to reported incidents of abuse and neglect of individuals with disabilities, including the individuals F.S., L.B., A.T., and R.T. SMF ¶¶ 10, 13-51. The Justice Center has repeatedly failed to timely reply to these requests. *Id.* ¶¶ 13-51. Additionally, when the Justice Center has produced records to DRNY, the records have been heavily redacted.[3] *Id.* ¶¶ 22-51.

On November 4, 2014, DRNY met with Jeff Wise and Robin Forshaw, the Justice Center's then-Executive Director and General Counsel, respectively, to discuss the Justice Center's failure to provide timely access to complete records. SMF ¶¶ 51-53. Following the meeting, Defendant Forshaw sent DRNY a letter asserting that the Justice Center is not required to provide an investigative report to DRNY until the Justice Center has determined that the investigative report has been finalized. *Id.* ¶ 57. Ms. Forshaw also asserted that the Justice Center may redact certain information from records it provides to DRNY, including: the identity of individuals reporting or making complaints of abuse or neglect to the Justice Center; the identity of the staff member who is the subject of an abuse or neglect allegation; the identity of individuals cooperating in investigations; mental health provider/clinical records or information; and other individual service recipient information. *Id.* ¶ 58. On December 9, 2014, DRNY sent a letter to Defendant Forshaw asking that the Justice Center reconsider its position in light of its conflict with federal law. *Id.* ¶ 59.

---

[3] To provide the Court with an example of the heavily redacted records provided to DRNY by the Justice Center, the records relating to R.T. are submitted under seal as Exhibit A to the Declaration of Stefen Short.

5

*C. Procedural History*

DRNY commenced this action on January 9, 2015, alleging that Defendant's failure to provide timely access to complete records violated the P&A Acts, the Access Regulations, and 42 U.S.C. § 1983.[4]  Compl. ¶¶ 88-111.  The Complaint also alleges that N.Y. Executive Law § 558, N.Y. Public Officers Law § 96, and N.Y. Social Services Law § 496 are preempted as interpreted and applied by Defendants.  Compl. ¶¶ 112-20.  DRNY seeks declaratory and injunctive relief, as well as attorneys' fees.  Compl. at 17-18.

On March 12, 2015, Defendant moved to dismiss the Complaint, arguing that the Justice Center's actions were in compliance with federal law.  MTD, Dkt. No. 10-1 at 13-22.  In an Order dated March 18, 2016, the Court denied the motion, holding that DRNY is authorized to review complete, unredacted records from the Justice Center within the timelines required by federal law.  MTD Order at 12-19.  DRNY now moves for summary judgment on all its claims and requests declaratory and injunctive relief requiring Defendant to timely provide complete, unredacted records in response to DRNY's requests under the P&A Acts.

### III. Legal Standards

#### A. Summary Judgment

Summary judgment is appropriate where, construing the evidence in the light most favorable to the non-moving party, "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *Richardson v. Selky*, 5 F.3d 616, 621 (2d Cir. 1993).  The party moving for summary judgment has the burden to

---

[4] The Complaint names Jeff Wise and Robin Forshaw as Defendants in their official capacities.  Compl.  Mr. Wise has since died.  Dkt. No. 25 at 1 n.1.  Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Wise's successor is automatically substituted as a party.  FED. R. CIV. P. 25(d).  However, no successor to Mr. Wise has been named.  SMF ¶ 9.

6

establish "'that no genuine issue of material fact exists and that the undisputed facts establish her right to judgment as a matter of law.'" *Bowen v. National R.R. Passenger Corp.*, 363 F. Supp. 2d 370, 373 (N.D.N.Y. 2005) (quoting *Rodriquez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A party opposing summary judgment "'may not rest upon mere allegation or denials of [their] pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Svcs. Co.*, 391 U.S. 253, 288 (1968)). Those specific facts must be supported by "citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). "[I]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249.

    **B. Law of the Case**

The legal issues at the heart of this case were resolved by the Court in its Order denying Defendant's Motion to Dismiss. The law of the case doctrine requires that "'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case,' unless 'cogent' and 'compelling' reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (quoting *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) and *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)). Such reasons include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Quintieri*, 306 F.3d at 1230 (quoting *Tenzer*, 213 F.3d at 39).

### IV. Argument

#### A. DRNY is Entitled to Summary Judgment on its Claims Under the P&A Acts

The P&A Acts state that a P&A system shall "have access to *all records* of . . . any individual" with a disability who has authorized such access or who is unable to authorize access if the P&A system received a complaint that he or she has been abused or neglected, or has probable cause to believe so.  42 U.S.C. §§ 10805(a)(4) and 15043(a)(2)(I) (emphasis added). Records to which the P&A system must have access include both (1) "reports prepared by any staff of a facility rendering care and treatment" and (2) "reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at such facility that describe incidents of abuse, neglect, and injury occurring at such facility and the steps taken to investigate such incidents . . . ." 42 U.S.C. § 10806(b)(3)(A); *see also* 42 U.S.C. § 15043(c)(1)-(2) (containing substantially similar language).

The undisputed factual record demonstrates that DRNY has requested Investigative Records from the Justice Center pursuant to the P&A Acts and that the Justice Center has (1) redacted identifying information; (2) withheld Facility Records from the records it has provided to DRNY; and (3) delayed access to records pending the completion of the Justice Center's investigations.  SMF ¶¶ 13-50, 57-58.  This conduct violates the P&A Acts.

> *1. The Justice Center violates the P&A Acts by redacting identifying information from records it provides to DRNY.*

The Justice Center maintains that in responding to DRNY's records requests, it may redact the name of the source of an allegation of abuse or neglect, the subject of the allegation, and the identity of potential witnesses.  SMF ¶ 58; Zucker Decl. Ex. A.  Pursuant to this policy, the Justice Center has heavily redacted records provided to DRNY regarding investigations into

8

the alleged abuse and neglect of L.B., A.T., and R.T., SMF ¶¶ 34, 40, 51, and also has refused to provide unredacted records relating to F.S, SMF ¶ 21.  Such redactions are impermissible under the P&A Acts.

As the Court previously held, "[t]he statutes make clear that P&A systems such as DRNY are entitled to all records of subject individuals, and give no indication that investigative agencies should redact or withhold portions of their reports."  MTD Order at 13.  Rather, the statutes require "the disclosure of the *entirety* of reports that contain 'an account of' alleged incidents of abuse or neglect."  *Id.* at 12 (emphasis added).  Given the Court's previous rejection of the Justice Center's legal arguments for redaction, and the undisputed fact that the Justice Center has redacted identifying information from records it produced to DRNY, summary judgment can appropriately be granted to DRNY as to this portion of the PAIMI and DD Act claims.

### 2. *The Justice Center violates the P&A Acts by withholding Facility Records reviewed in its investigations.*

The P&A Acts and Access Regulations authorize DRNY to access Facility Records when those records are part of an investigative report prepared by the Justice Center or were used or reviewed as part of the investigation.  However, the Justice Center maintains a policy of redacting and withholding clinical records and other individual service recipient information from records provided to DRNY.  SMF ¶ 58.  These actions violate the P&A Acts.

The P&A Acts state that accessible records include "reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, and injury occurring at [a facility rendering care and treatment] that describe incidents of abuse, neglect, and injury occurring at such facility *and the steps taken to investigate such incidents* . . . ."  42 U.S.C.

9

§ 10806(b)(3)(A) (emphasis added); 42 U.S.C. § 15043(c)(2) (containing substantially similar language). Accordingly, DRNY is authorized to access Facility Records—such as mental health treatment records or other records prepared or received by a facility providing care or treatment—when those records are part of an investigative report prepared by the Justice Center or were reviewed as part of the investigation. *See Pa. P&A v. Houstoun*, 228 F.3d 423, 426 n.2 (3d Cir. 2000) (noting that records may constitute both (a) reports prepared by a facility *and* (b) reports prepared by an agency charged with investigating reports of incidents of abuse, neglect, or injury occurring at the facility).

The Access Regulations further demonstrate that DRNY's access authority extends to records relied upon in creating an investigative report:

> Information and individual records . . . which shall be available to the P&A system under the [PAIMI] Act shall include, but not be limited to:
> . . .
> (1) Reports prepared by an agency charged with investigating abuse neglect, or injury occurring at a facility rendering care or treatment . . . that describe any or all of the following:
>
> (i)   Abuse, neglect, or injury occurring at the facility;
>
> (ii)  The steps taken to investigate the incidents;
>
> (iii) Reports and records, including personnel records, prepared or maintained by the facility, in connection with such reports of incidents; or
>
> (iv)  Supporting information that was relied upon in creating a report, including all information and records used or reviewed in preparing reports of abuse, neglect or injury such as records which describe persons who were interviewed, physical and documentary evidence that was reviewed, and the related investigative findings.

42 C.F.R. § 51.41(c)(2)(i)-(iv); 45 C.F.R. § 1326.25(b)(2)(i)-(iv) (containing substantially similar language). "This includes records stored or maintained in locations other than the facility or program" that initially created them. 42 C.F.R. § 51.41(c)(1); *see also* 45 C.F.R. § 1326.25(b)(1)

10

(containing similar description of accessible records).  Additionally, the PAIMI Access Regulation separately states that the P&A system "shall have reasonable access and authority to . . . examine all relevant records of any facility service recipient . . . or employee." 42 C.F.R. § 51.41(d).

As stated by the Court in the MTD Order, "[t]he breadth of records which the regulations require disclosure of, as well as the fact that they contain an inclusive and not exhaustive list of records that must be disclosed, supports DRNY's contention that it is entitled to all relevant records in possession of the Justice Center." MTD Order at 18.  Accordingly, summary judgment in DRNY's favor is appropriate on this portion of DRNY's claims under the P&A Acts.

### 3. The Justice Center refuses to comply with the timelines set forth in the P&A Acts.

The P&A Acts and Access Regulations set forth strict time limits for the provision of records in response to a P&A system's request for access.  Under the DD Act, DRNY must be granted access to relevant records within three business days of making a request, or, in the case of records pertaining to an individual who has died or whose safety is in immediate jeopardy, within 24 hours of the request.  42 U.S.C. § 15043(a)(2)(J)(i)-(ii).  The PAIMI Access Regulation requires that access to these records be provided "promptly." 42 C.F.R. § 51.41(a).[5] If an entity delays or denies a P&A system's request, the entity must provide a prompt, written

---

[5] Although the timeline described in the DD Act does not expressly apply to the PAIMI Act, "it suggests that 'prompt' is more likely a matter of days or perhaps weeks, but not months." *Wis. Coal. for Advocacy v. Busby*, No. 02-C-871, slip op. at 15 (E.D. Wis. Sept. 24, 2003); *see also P&A System v. Freudenthal*, 412 F. Supp. 2d 1211, 1225 (D. Wyo. 2006) (holding that deadlines in the DD Act guide the time frame for responding to records requested under the PAIMI Act); *Ala. Disabilities Advocacy Prog. v. J.S. Tarwater Dev. Ctr.*, 894 F. Supp. 424, 428 (M.D. Ala. 1995) (stating that the records access provisions of the P&A Acts are meant to be consistent).

statement of the reasons for the delay or denial. 42 C.F.R. § 51.43; 45 C.F.R. § 1326.26. Furthermore, the Access Regulations specifically state that Facility and Investigative Records are accessible regardless of whether the records are "draft or final." 42 C.F.R. § 51.41(c); 45 C.F.R. § 1326.25(b).

Nevertheless, the Justice Center has not provided prompt responses to DRNY's records requests, and instead maintains that it need not respond to DRNY's requests until after the Justice Center determines its investigation is "finalized." SMF ¶ 57. Indeed, it is undisputed that the Justice Center did not provide any records relating to L.B. and R.T. until after it had completed its respective investigations. SMF ¶¶ 27, 44. In those instances, DRNY did not receive any records from the Justice Center until 11 and 7 months, respectively, had elapsed since the initial request for records. *Id.* ¶¶ 24, 34, 43, 51.

In the Order denying Defendant's Motion to Dismiss, the Court held that the Justice Center must provide records in accordance with the timelines set forth in the P&A Acts and Access Regulations, and held that the Access Regulations, "on their face, require the disclosure of draft reports from investigatory agencies." MTD Order at 9, 19. Accordingly, Defendant's policy of withholding records until the Justice Center produces a final investigative report is unlawful, and DRNY is entitled to summary judgment as to this portion of its claims under the P&A Acts.

### B. DRNY is Entitled to Summary Judgment on its Claims Under 42 U.S.C. § 1983.

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a federal right. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980); *Thomas v Roach*, 165 F.3d 137, 142 (2d Cir. 1999). As discussed *supra*, DRNY has a federal statutory right to promptly access unredacted records in order to pursue its

mandate of investigating allegations of abuse and neglect. "By redacting and withholding portions of its reports, the Justice Center has interfered with DRNY's mandate to protect and advocate on behalf of individuals with mental illness and developmental disabilities, and particularly its mandate to investigate incidents of abuse and neglect." MTD Order at 20. Accordingly, Defendant Forshaw, as General Counsel of the Justice Center, has deprived DRNY of a federal statutory right. *See Protection & Advocacy for Persons with Disabilities v. Armstrong*, 266 F. Supp. 2d 303, 312-13 (D. Conn. 2003) (finding § 1983 violation where state agency denied P&A agency access to records requested under PAIMI Act); *Advocacy Ctr. v. Stalder*, 128 F. Supp. 2d 358, 365-66 (M.D. La. 1999) (same). Furthermore, it is undisputed that Defendant Forshaw has acted under color of state law in maintaining the Justice Center's unlawful redaction policies. SMF ¶ 5, 57-58. Accordingly, DRNY is entitled to summary judgment on its § 1983 claim.

### C.  DRNY is Entitled to Declaratory Relief.

DRNY seeks declaratory relief pursuant to 28 U.S.C. § 2201, whereby "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[A] court must entertain a declaratory judgment action: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Continental Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734 (2d Cir. 1992) (citing *Broadview Chem. Corp. v. Loctite Corp.*, 417 F.2d 998, 1001 (2d Cir. 1969)).

This case arose from a legal dispute between the parties. DRNY seeks timely access to unredacted records from the Justice Center pursuant to the P&A Acts, while Defendant maintains that the Justice Center may redact information from records it provides to DRNY and may delay access to records pending completion of Justice Center investigations. The dispute between the parties turns purely on the meaning of the relevant statutes and regulations. Accordingly, a declaratory judgment is necessary to end the controversy and clarify DRNY's right to timely access complete, unredacted records.

### D. DRNY is Entitled to a Permanent Injunction.

DRNY also seeks a permanent injunction. "Generally, to obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted." *N.Y.S. Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir. 1989).

The Justice Center has refused to provide DRNY with complete, unredacted investigatory records relating to F.S., L.B., A.T., and R.T. SMF ¶¶ 13-51. Defendant's actions cause irreparable harm by interfering with DRNY's mandate to investigate incidents of abuse and neglect of individuals with mental illness and intellectual and developmental disabilities. *Id.* ¶¶ 60-61; *see, e.g.*, *Armstrong*, 266 F. Supp. 2d at 311 (D. Conn. 2003) (finding P&A system would be irreparably harmed if prevented from pursuing its right to access records and granting permanent injunction). Accordingly, DRNY has no adequate remedy other than an injunction granting access to the complete, unredacted investigative records relating to F.S., L.B., A.T., and R.T.

Furthermore, because Defendant continues to maintain a policy of denying DRNY timely access to complete and unredacted records, SMF ¶¶ 57-58, DRNY requires injunctive relief preventing denial of access to records it requests in the future. "To require [DRNY] to always

obtain a court order to perform its statutory investigative responsibilities would stifle its mission to provide timely and effective advocacy for those it is charged with protecting." *DRNY v. N. Colonie Bd. Of Educ.*, 14-CV-0744, 2016 WL 1122055, at *9 (N.D.N.Y. Mar. 21, 2016); *see also* SMF ¶ 63.  Accordingly, DRNY requests that the Court enjoin Defendant from (1) redacting the identity of individuals, including witnesses, subjects, and sources from records its provides to DRNY pursuant to the P&A Acts; (2) withholding underlying treatment records, Facility Records, or any other records used or reviewed in preparing a report; and (3) denying or delaying access to records based solely on the assertion that a Justice Center investigation has not been completed or that an investigative report has not been finalized.

### V.     Conclusion

For the reasons stated above, Plaintiff respectfully requests that the Court grant DRNY's Motion for Summary judgment as to all claims and grant DRNY's requests for declaratory and injunctive relief.

Dated: July 29, 2016
Albany, NY

Respectfully submitted,

/s/  Cliff Zucker_____
By: Cliff Zucker

DISABILITY RIGHTS NEW YORK
Cliff Zucker, Bar Roll # 102871
Michael Gadomski
Jennifer Monthie
Andrew Stecker
725 Broadway, Suite 450
Albany, New York, 12207
518-432-7861
518-427-6561 (fax) (not for service)
Cliff.Zucker@drny.org

15