UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISABILITY RIGHTS NEW YORK, | 1:15-CV-00032 |
| *Plaintiff*, | (GLS) (CFH) |
| -against- | |
| JEFF WISE, in his official capacity as Executive Director of the New York State Justice Center for the Protection of People with Special Needs; and ROBIN A. FORSHAW, in her official capacity as General Counsel of the New York State Justice Center for the Protection of People with Special Needs, | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY............................................1

III. ARGUMENT..........................................................................................................................3

    A.  DRNY is a Prevailing Party and Should be Awarded Reasonable Attorneys' Fees ..................................................................................................................................3

    B.  The Attorneys' Fees Plaintiff Requests are Fair and Reasonable............................4

        i.  *The Action Involved Novel and Complex Issues* ............................................4

        ii.  *The Experience and Ability of Plaintiff's Attorneys are Commensurate with their Hourly Rates* ..................................................................................................5

        iii.  *Plaintiff's Hourly Rates Align with the Forum Rule* ......................................6

        iv.  *The Hours Expended by Plaintiff's Attorneys are Reasonable* .....................7

    C.  Plaintiff Seeks Reimbursement of Reasonable Costs and Expenses .......................8

IV. CONCLUSION......................................................................................................................8

I.   INTRODUCTION

Plaintiff, Disability Rights New York ("DRNY"), submits this memorandum of law in support of its motion for an award of attorneys' fees, litigation expenses, and costs. The court's final order granting DRNY declaratory relief and permanent injunction requires Defendant to fully comply with Plaintiff's records access rights pursuant to the DD Act and PAIMI Act. The fees, expenses, and costs incurred are $ 90,237.50 which are reasonable given the issues of this case and the extensive motion practice over the course of three years. Accordingly, Plaintiff's motion should be granted.

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

DRNY, the designated protection and advocacy ("P&A") agency for individuals with disabilities in the State of New York, brought this 42 U.S.C. § 1983 action claiming Defendant's practice of redacting its investigation records violated DRNY's rights under the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD Act"), 42 U.S.C. §§ 15001 et seq., and the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801 et seq.

Throughout 2014, DRNY sought complete, unredacted investigation records from the New York State Justice Center for the Protection of People with Special Needs (Justice Center). Plaintiff's record requests were made pursuant to the DD Act and PAIMI Act, which authorizes P&A access to treatment and investigation records of persons with disabilities under certain circumstances.[1] In response to these requests, the Justice Center took the position that DRNY was

---

[1] See 42 U.S.C. § 15043(a)(2)(I); 42 U.S.C. § 10805(a)(1)(4) (authorizing a P&A agency to records of a person with a developmental disability or mental illness when: (1) the individual is a client of the system and authorizes the system to have records access; (2) any individual who is unable to authorize records access, they do not have a guardian, and the P&A agency received a complaint about the individual or there is probable cause to believe such

1

only entitled to finalized investigation reports (reports made after the Justice Center finds an allegation of abuse or neglect substantiated or unsubstantiated) and the Justice Center could redact various information[2] prior to disclosing their investigative reports to DRNY.  DRNY made a final good faith attempt to resolve this dispute over records access by sending a letter to the Justice Center on December 9, 2014.  This letter explained DRNY's position that neither federal nor state law permitted the Justice Center to redact investigative records or withhold investigative records pending the completion of an investigation.  The Justice Center did not respond to the letter and DRNY subsequently filed this action with the Court on January 9, 2015.  Compl.; Dkt. No. 1.

Defendant filed a motion to dismiss on March 12, 2015.  Mot. To Dismiss (MTD); Dkt. No. 10-1.  Defendant's motion argued Plaintiff failed to state a claim because the DD Act and PAIMI Act did not require disclosure of the information Defendant redacted, the same federal statutes authorized DRNY access to finalized reports only, and that DRNY's claim that the Justice Center interfered with its P&A mandate was baseless.  Dkt. No. 10-1 at 13–22.  DRNY responded to the motion arguing the DD Act and PAIMI Act required the Justice Center to provide unredacted records and all relevant records in their possession, provide such records in accordance with the timelines set forth in federal law, and the redaction of records interfered with DRNY's capacity to conduct its own investigations.  Pl.'s Mem. of Law in Opp'n; Dkt No. 16.

By Decision and Order dated March 18, 2016, the Court denied Defendant's motion to dismiss.  MTD Order; Dkt. No. 24.  The Court held the DD Act and PAIMI Act "make clear that

---

individual has been subject to abuse; or (3) any individual who has a legal guardian, the P&A agency offers assistance to the individual, and the guardian fails or refuses to act on behalf of the individual).

[2] In a letter dated November 24, 2014, Robin Forshaw (former General Counsel of the Justice Center) wrote to DRNY stating the confidentiality provisions of federal and state law permitted the Justice Center to redact the following information from their investigative reports: (1) the identity of individuals reporting or making complaints of abuse or neglect to the Justice Center; (2) mental health provider information and clinical records; (3) individual service recipient information where the requirements for access is lacking; (4) identity of staff member who is the subject of an abuse or neglect allegation, as part of an agency record; and (5) identify of individuals cooperating in the investigation.

2

P&A systems such as DRNY are entitled to all records of subject individuals, and give no indication that investigative agencies should redact or withhold portions of their report." MTD Order at 13. The parties did not reach settlement following this decision and DRNY moved the Court for summary judgment with Defendant filing a cross motion for the same relief. MSJ; Dkt. No 31 and 39. In a text order dated February 28, 2018, the Court granted summary judgement to DRNY on all claims and denied Defendant's cross-motion. Text Order; Dkt. No. 42.

The court issued a final order of relief on April 17, 2018, granting DRNY declaratory relief and permanent injunction. Order; Dkt. No. 48.

### III.  ARGUMENT

#### a. DRNY is a Prevailing Party and Should be Awarded Reasonable Attorneys' Fees

The Civil Rights Attorney's Fees Awards Act of 1976 provides that in an action to enforce specified civil rights statutes, including 42 U.S.C. § 1983, a court may in its discretion allow the prevailing party reasonable attorney's fees. 42 U.S.C. § 1988(b). A plaintiff obtains "prevailing party" status when they have "succeeded on any significant claim affording it some of the relief sought." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). Furthermore, a prevailing plaintiff "must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Id. at 792.

DRNY brought this action under 42 U.S.C. § 1983 to enforce its statutory right to access records from a state investigative agency. The Court granted DRNY summary judgment on the 42 U.S.C. § 1983 claim, stating "the Justice Center's conduct deprived DRNY of its federal right to promptly access unredacted records in order to pursue its mandate." Text Order; Dkt. No. 42. Additionally the Court declared the Justice Center violated the DD Act and PAIMI Act "by

3

redacting information from records provided to DRNY, withholding records relied upon in conducting investigations, and failing to timely comply with disclosure obligations." Id. (internal citations omitted).

There can be no question that Plaintiff DRNY is a prevailing party. The Court granted DRNY summary judgment on all its claims, including the 42 U.S.C. § 1983 claim, and issued a final order granting DRNY declaratory relief and permanent injunction. The resolution of this action materially alters the relationship between DRNY and the Justice Center in favor of DRNY's right to access Justice Center records. Accordingly, an award of attorneys' fees is available to plaintiff pursuant to 42 U.S.C. § 1988 because DRNY is the prevailing party.

### b. The Attorneys' Fees Plaintiff Requests are Fair and Reasonable

DRNY seeks compensation of its attorneys' fees at a reasonable rate. The Second Circuit standard for fee reasonableness examines: (1) what a reasonable, paying client is willing to pay (including such factors as complexity of case, resources required to prosecute case effectively, and the timing demands of the case); and (2) what is a reasonable rate in the geographic area of the reviewing district court. Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008); Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 289–90 (2d Cir. 2011).

### i. The Action Involved Novel and Complex Issues.

This action primarily dealt with the interpretation of the DD Act, the PAIMI Act, and their implementing regulations. The issues presented in this case were novel and complex because at the time of filing DRNY was a recently designated P&A agency[3] asserting its access authority to

---

[3] The P&A system was previously administered by the Commission on Quality of Care for Persons with Disabilities, a state agency created in 1977 under Article 45 of the Mental Hygiene Law. Governor Andrew Cuomo redesignated DRNY as the Protection & Advocacy agency for New York State on May 7, 2013.

4

records of a new state investigative agency, the Justice Center.[4] Defendant took the position that the Justice Center's investigations were not subject to complete P&A records access and that the P&A did not have a mandate to monitor the sufficiency of their investigations. Therefore, this case presented important questions of federal law as to how an independent agency (DRNY) administering a federal program (Protection and Advocacy programs) would oversee the State's delivery of disability-related services, including the Justice Center's investigations of allegations of abuse and neglect of persons with disabilities. See Disability Rights New York v. N. Colonie Bd. of Educ., No. 1:14-CV-0744 (DN/HDJS), 2017 WL 1901958, at*6 (N.D.N.Y. May 8, 2017) (finding the issue of differing interpretations of the P&A Acts is novel and complex).

> ii. *The Experience and Ability of Plaintiff's Attorneys are Commensurate with Their Hourly Rates.*

DRNY made practical staffing decisions in how it litigated this action. Cliff Zucker, General Counsel, Jennifer Monthie, Legal Director, and Mark Murphy, formerly the Director of the PAIMI program, administratively oversaw the litigation at DRNY. Mr. Zucker has over 36 years of legal experience in disability law and previously served as the Executive Director of Disability Advocates, Inc.[5] Ms. Monthie has 15 years of legal experience and her entire legal career has focused on representing people with disabilities. Mr. Murphy has 31 years of legal experience in disability law and previously served as the Legal Director and Chief Executive Officer for the Pennsylvania P&A agency. Ms. Keegan, who has eighteen years legal experience, was a private practitioner concentrating in special education law prior to serving as a senior attorney at DRNY for the past five years. All are seasoned attorneys with expert knowledge in the

---

[4] The NYS Justice Center for the Protection of People with Special Needs was established on June 30, 2013. N.Y. Exec. Law § 551(1).
[5] Disability Advocates, Inc., was a P&A contractor before it was designated as the sole P&A agency of New York State in 2013.

areas of disability and civil rights law who possess the necessary skill and knowledge for successfully guiding this action.

In contrast, the bulk of legal research, drafting, and motion practice was handled by staff attorneys, Michael Gadomski and Andrew Stecker.  Mr. Gadomski has four years of legal experience in disability law and previously served as a post-graduate fellow at Albany Law School's disability and civil rights law clinic.  Mr. Stecker served as a law clerk for Judge Lawrence E. Kahn of the Northern District of New York and subsequently worked at DRNY for three years litigating various disability and civil rights cases.  The extensive time and effort Mr. Gadomski and Mr. Stecker expended in crafting the pleadings, briefs, and motions were material to the success of Plaintiff's action.

In addition, staff attorney Brandy Tomlinson took over Mr. Stecker's litigation responsibilities in this action and she assisted with the motion for attorneys' fees.  Ms. Tomlinson has four years of legal experience in disability law.

### iii. *Plaintiff's Hourly Rates Align with the Forum Rule.*

DRNY seeks compensation of attorneys' fees at the prevailing rates of the Northern District of New York.  Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011).  Mr. Zucker and Mr. Murphy's hourly rate of $300 per hour is an appropriate rate for a senior attorney with other thirty years of experience litigating civil rights cases. See Curtis v. City of Kingston, No. 1:14-CV-0951 (DNH/DEP), 2016 WL 1223471, at *6 (N.D.N.Y. Mar. 28, 2016) (holding a civil rights litigator with over thirty years of experience should be compensated at an hourly rate of $300).  An hourly rate of $250 per hour for Ms. Monthie and Ms. Keegan is proper because they are senior attorneys with over ten years' experience in disability law.  See Pope v. Cty. of Albany, No. 1:11-CV-0736 (LEK/CFH), 2015 WL 5510944,

at *10–11 (N.D.N.Y. Sept. 16, 2015) (finding $250 per hour a reasonable rate for a civil rights attorney in practice for ten years).  The rates for Mr. Gadomski, Mr. Stecker, and Ms. Tomlinson are $175.00 per hour, which correspondence with their experience of less than ten years in practice. DRNY v. N. Colonie, 2017 WL 1901958 at *6 (N.D.N.Y. May 8, 2017).

> iv.  *The Hours Expended by Plaintiff's Attorneys are Reasonable.*

Plaintiff's attorneys expended a reasonable number of hours litigating this action.  The legal issues in this case were complex because Defendant challenged DRNY's P&A records access authority on the grounds of confidentiality and state agency statutory interpretation.  The DD Act regulations were also modified in 2015 which required the parties to submit additional briefing to the Court.

Plaintiff's hours demonstrate DRNY's division of labor in appropriately litigating the action.  Senior attorneys at DRNY each spent less than fifty hours litigating this matter.  Mr. Zucker has a total of 30.4 hours and Mr. Murphy has a total of 26.1 hours.  Ms. Monthie has a total of 12.7 hours and Ms. Keegan expended 7.6 hours.

The majority of the hours stems from staff attorneys Mr. Gadomski and Mr. Stecker.  Mr. Gadomski's hours are 175.4 and Mr. Stecker's hours are 202, which reflect the amount of time the two staff attorneys dedicated to pleadings, discovery, responding to Defendant's motion to dismiss, briefing the court on changes to DD Act regulations, drafting a motion for summary judgment, responding to Defendant's cross motion for summary judgment, and drafting a motion for attorneys' fees.  Ms. Tomlinson's 10.1 hours are attributable to the amount of time dedicated to the motion for attorney fees.

The lodestar amounts for DRNY counsel are as follows:

| Attorney | Hours | Rate | Lodestar |
|---|---|---|---|
| Cliff Zucker | 30.4 | $ 300.00 | $ 9,120.00 |

7

| Mark Murphy | 26.1 | $ 300.00 | $ 7,830.00 |
| Jennifer Monthie | 12.7 | $ 250.00 | $ 3,175.00 |
| Julie Keegan | 7.6 | $ 250.00 | $ 1,900.00 |
| Andrew Stecker | 202 | $ 175.00 | $ 35,350.00 |
| Brandy Tomlinson | 10.1 | $ 175.00 | $ 1,767.50 |
| Michael Gadomski | 175.4 | $ 175.00 | $ 30,695.00 |
| **TOTAL** | | | **$ 89,837.50** |

    **c. Plaintiff Seeks Reimbursement of Reasonable Costs and Expenses**

Plaintiff seeks reimbursement of litigation expenses and costs. DRNY spent $400.00 filing the civil complaint in this action. As the prevailing party, Plaintiff requests the Court order Defendant reimburse DRNY for the filing fee. Fed. R. Civ. P. 54(d)(1).

**IV.  CONCLUSION**

For all the reasons set forth above, DRNY respectfully requests the Court award it attorneys' fees in the amount of $ 89.837.50 and $ 400.00 for litigation expenses and costs.

Dated: Albany, New York
       April 27, 2018

Respectfully submitted,

**/s/ Michael W. Gadomski**
By: Michael W. Gadomski

DISABILITY RIGHTS NEW YORK
Michael W. Gadomski, Bar Roll #519210
Jennifer J. Monthie, Bar Roll # 512427
Brandy L.L. Tomlinson, Bar Roll # 519794
725 Broadway, Suite 450
Albany, New York, 12207
518-432-7861
518-427-6561 (fax) (not for service)

8