UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**DISABILITY RIGHTS
NEW YORK,**

               **Plaintiff,**

               **v.**

**JEFF WISE, in his official capacity
as Executive Director of the New
York State Justice Center for the
Protection of People with Special
Needs, et al.,**

               **Defendants.**
_____

**1:15-cv-32
(GLS/CFH)**

## SUMMARY ORDER

Pending is plaintiff Disability Rights New York's (DRNY) motion for an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b) and Fed. R. Civ. P. 54(d)(1). (Dkt. No. 50.) DRNY requests an award of $90,237.50, (*id.*, Attach. 1 at 1), but defendants argue that, "after appropriate reductions, the fee award . . . should be in the range of $29,870.80," (Dkt. No. 51 at 13).[1] For the following reasons, the proper

---

[1] DRNY subsequently filed a letter motion requesting permission to file a reply brief. (Dkt. No. 52.) Indeed, the Local Rules require a party to seek such permission from the court before filing reply papers on a non-dispositive motion. *See* N.D.N.Y. L.R. 7.1(b)(2). However, inherent within this requirement is the understanding that the party seeking to file reply papers will provide the court with a reason why they are necessary. Because DRNY provides no such reason for granting its request and because the court perceives none, the letter motion is

award is $76,761.87.

In any action pursuant to 42 U.S.C. § 1983, the court has discretion to award the prevailing party reasonable attorneys' fees as part of the costs. *See* 42 U.S.C. § 1988(b). Section 1988's fee-shifting provision represents a limited exception to the so-called "American Rule," under which each party bears its own litigation expenses, including attorneys' fees, regardless of the outcome of the action. *See Neroni v. Coccoma*, No. 3:13–cv–1340, 2014 WL 3866307, at *1 (N.D.N.Y. Aug. 6, 2014).

To determine a reasonable attorneys' fee, courts use the lodestar method: the product of a reasonable hourly rate and the hours reasonably spent on the case. *See Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Miller v. City of Ithaca*, 3:10-cv-597, 2017 WL 61947, at *2 (N.D.N.Y. Jan. 5, 2017). Generally, the district court relies on the prevailing hourly rate from the district in which it sits in calculating the lodestar. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008). In determining what a reasonable client would be willing to pay, the court considers several factors, including:

---

denied.

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Broadcast Music, Inc. v. Northern Lights, Inc.*, 555 F. Supp. 2d 328, 333 (N.D.N.Y. 2008) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

Additionally, a district court may use a percentage reduction of the requested fees "as a practical means of trimming fat from a fee application." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (internal quotation marks and citation omitted). The court also considers "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Ultimately, district courts have substantial deference and may use estimates based on their overall sense of a suit. *See Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees . . . is to do

rough justice, not to achieve auditing perfection.").

Because defendants do not dispute the reasonableness of DRNY's proffered hourly rates, (*see generally* Dkt. No. 51), and the court is satisfied that these rates are reasonable given the experience and ability of counsel, (Dkt. No. 50, Attach. 1 at 5-6), and are within range of the prevailing in-District rates, (*id.* at 6-7), the only remaining issue is whether the hours spent on this litigation were reasonable.

In sum, defendants contend that an 85% reduction to DRNY's proffered hours is in order given (1) excessive hours spent by numerous attorneys on a limited number of filings, which involved similar legal issues and little factual dispute; (2) vague, unrelated, or non-compensable billing entries; and (3) DRNY's "limited success."  (Dkt. No. 51 at 1, 3-8, 10-13.)

After carefully reviewing DRNY's time entries, (Dkt. No. 50, Attach. 3), the court agrees with defendants that the time expenditures are unreasonable due to their excessiveness and vagueness.  (*Compare* Dkt. No. 50, Attach. 3 *with* Dkt. No. 51 at 3-8, 10-11.)  However, defendants' requested reduction is also unreasonable.  Instead, the court has identified approximately seventy-four hours that are unreasonable because they either involved purely legal issues premised on undisputed facts, (*see, e.g.*,

4

Dkt. No. 31, Attach. 3), in an area of the law that DRNY's counsel specialized in, (Dkt. No. 50, Attach. 4), or were block billed, (*see, e.g.*, *id.*, Attach. 3 at 8 (billing seven hours for "[r]eview[ing] changes to DD regulations.  Draft[ing] notes.  Draft[ing] electronic correspondence to DRNY CZ and AS.  Draft[ing] letter to Judge Sharpe of the Northern District of New York requesting permission to submit supplemental legal brief on new DD regulations.")).  As such, a fifteen percent reduction to the lodestar appropriately trims this fat.  *See McDonald ex rel. Prendergast*, 450 F.3d at 96.  After a reduction of $13,475.63 to the lodestar, defendants are awarded fees of $76,361.87 and costs of $400.[2]

Defendants' theory that DRNY is entitled to a further reduction because the court did not adopt the exact language of its proposed injunction is specious at best.  (Dkt. No. 51 at 12-13.)  It is unreasonable to argue that DRNY achieved "limited success" in this litigation.  (*Id.* at 13.)  On the contrary, DRNY achieved overwhelming success throughout this litigation, which culminated in the attainment of its desired result at the

---

[2] Defendants do not contest DRNY's request for the cost of its filing fee.  (Dkt. No. 51 at 13.)

dispositive motion stage.[3]  (Dkt. Nos. 24, 42, 48.)  Accordingly, no further reduction is necessary.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that DRNY'S letter motion seeking permission to file a reply (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that DRNY's motion for attorneys' fees and costs (Dkt. No. 50) is **GRANTED** and $76,761.87 in fees and costs is imposed as against defendants; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 22, 2018
Albany, New York

_Gary L. Sharpe_
Gary D. Sharpe
U.S. District Judge

---

[3] Defendants' interpretation of the outcome of this action is troubling.  They are advised to rethink their position if they wish to comply with the court's injunction and avoid unnecessary, future litigation costs.